127 P.3d 227

**William Gilbert LIGHTNER, Plaintiff–Appellant,**

v.

**STATE of Idaho, Plaintiff–Appellant.**

No. 31282.

Court of Appeals of Idaho.

Nov. 21, 2005.

Rehearing Denied Dec. 13, 2005.

**GUTIERREZ, Judge.**

This is an appeal from the district court's order affirming the designation of William Gilbert Lightner as a violent sexual predator by the Sexual Offender Classification Board. We affirm.

**I.**

### FACTUAL AND PROCEDURAL SUMMARY

In 1993, Lightner was charged with three counts of lewd conduct with a minor child under sixteen. I.C. § 18–1508. In 1994, Lightner entered a plea of guilty to one count and the other two counts were dismissed. The district court imposed a unified sentence of twenty years, with three years determinate and retained jurisdiction. After receiving an extensive report on Lightner, the sentencing court followed the recommendation of the Department of Corrections to relinquish jurisdiction. Lightner served nine years in prison before being paroled.

Prior to Lightner's January 26, 2004, parole date, the Sexual Offender Classification Board (Board) reviewed his record and conducted an assessment as provided under the Sexual Offender Registration Notification and Community Right–to–Know Act (Act), I.C. §§ 18–8301 *et seq.* The Board found that Lightner presented a high risk of committing a sexual reoffense and thus, the Board classified Lightner as a violent sexual predator (VSP). Lightner appealed that determination to the district court.

Lightner challenged the VSP designation on the dual grounds of I.C. § 18–8321(12) [1]—

Alan E. Trimming, Ada County Public Defender; Richard D. Toothman, Deputy Ada County Public Defender, Boise, for appellant.

1. Idaho Code Section 18–8321(12) provides:
   The offender is entitled to challenge the designation as a violent sexual predator based upon two (2) grounds:
   (a) The offender may introduce evidence that the calculation that led to the designation as a violent sexual predator was incorrectly performed either because of factual error, because the offender disputes a prior offense, because the variable factors were im-
   properly determined, or for similar reasons; and
   (b) The offender may introduce evidence at the hearing that the designation as a violent sexual predator does not properly encapsulate the specific case, i.e., the offender may maintain that the case falls outside the typical case of this kind and, therefore, that the offender should not be designated as a violent sexual predator.

that the calculation was incorrectly performed and the classification did not fit his case. The district court found no genuine issue of material fact and summarily affirmed the Board's VSP designation. Raising the same arguments made below, Lightner now appeals from the district court's order affirming the board's designation of him as a VSP.

## II.

### JUDICIAL REVIEW

An offender's challenge to being designated as a VSP initiates a "nonadversarial" proceeding which is civil and remedial in nature. I.C. § 18–8321(1). Judicial review of the Board's determination is governed by the Act. I.C. § 18–8321; *cf.* I.R.C.P. 84(e) (guiding judicial review where authorizing statute or law does not provide the procedure). The state bears the burden of presenting a *prima facie* case to justify the VSP designation. I.C. § 18–8321(10).

The offender is entitled to challenge the VSP designation by introducing evidence that it resulted from a miscalculation or is not appropriate given the specific facts of the offender's case. I.C. § 18–8321(12)(a), (b). The Act does not confine the district court's review to any record created before the Board. Rather, the statute provides that the district court may take new evidence, I.C. § 18–8321(5), (9). *See also* I.R.C.P. 84(e)(1).[2] The rules of evidence are inapplicable, and the court may rely on documentary evidence. I.C. § 18–8321(6), (7). If the proof consists of reliable hearsay, affidavits, or offers of live testimony creating a genuine issue of material fact as to whether the offender is a VSP, the district court should convene a fact-finding hearing to permit live testimony. I.C. § 18–8321(9). Where the offender's allegations are immaterial, conclusory or unsubstantiated, it is appropriate to forgo the fact-finding hearing, even if the state does not controvert the offender's allegations. *Cf. Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994) (applying procedural equivalent of summary judgment to sum-

mary dismissal under Uniform Post–Conviction Procedure Act); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App. 1986) (holding no entitlement to evidentiary hearing where applicant for post-conviction relief makes conclusory allegations).

After the decision whether to hold a fact-finding hearing, the district court must decide either to affirm or reverse the Board's designation of the offender as a VSP. I.C. § 18–8321(4). The court must affirm the board's determination unless persuaded by a preponderance of the evidence that it does not conform to the law or the guidelines. I.C. § 18–8321(11). Thus, the court must reweigh the evidence pertaining to the state's *prima facie* case and the offender's challenge. I.C. § 18–8321(11).

Accordingly, we do not review the record independent of the district court's decision. *Idaho Power Co. v. Idaho State Tax Comm'n*, 141 Idaho 316, 321, 109 P.3d 170, 175 (2005). Nor will we disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). The credibility of the witnesses, the weight to be given to the evidence, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct.App.1988). Our review is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *Conley v. Whittlesey*, 133 Idaho 265, 269, 985 P.2d 1127, 1131 (1999).

## III.

### ANALYSIS

Lightner contends that the district court should have convened a fact-finding hearing because there are genuine issues of material fact about whether he poses a high risk of committing a sexual reoffense or engaging in predatory sexual conduct as is necessary for a VSP designation. *See* I.C.

**2.** "When the authorizing statute provides that the district court may take additional evidence itself upon judicial review, the district court may order the taking of additional evidence upon its own motion or motion of any party to the judicial review." I.R.C.P. 84(e)(1).

§ 18–8303(15). First, Lightner claims that the calculation which led to his designation as a VSP was incorrectly performed. *See* I.C. § 18–8321(12)(a). His offer of proof on this issue before the district court consists of the recording sheet for his score on the Minnesota Sex Offender Screening Tool—Revised (MnSOST–R). Lightner's counsel signed the offer of proof stating:

> Number Twelve (12) should be –2 rather than 0 in that Appellant had stable employment for one (1) year or longer. Number Fourteen (14) should be –2 rather than 0 in that treatment was recommended and Appellant was in program at time of release. Number Fifteen (15) should be 0 rather than +3 in that Appellant did not have enough time or opportunity to complete treatment. Therefore, Appellant's total score should be nine (9) rather than sixteen (16).

Lightner did not submit or identify evidence that corroborated his conclusory allegation of miscalculation. Even if we accepted Lightner's unsubstantiated allegation as true, the MnSOST–R score is only one of many indicators considered by the district court. Our review of the record reveals that Lightner's challenge to the MnSOST–R score is immaterial because multiple other sources support the district court's determination that Lightner was at a high risk to reoffend.

Lightner also argues that a genuine issue of material fact exists about whether his designation as a VSP properly encapsulates his case. *See* I.C. § 18–8321(12)(b). We disagree. Lightner does not dispute his lengthy sex crime history. On June 16, 1987, at the age of twenty-five, Lightner was convicted of misdemeanor public lewdness in Endicott, New York. According to the police, Lightner stopped his car, asked a female pedestrian for directions, and exposed himself by "picking up his penis" and asking the female if she had "ever seen one of these before?" While on probation, on July 25, 1987, Lightner exposed himself to two women exiting a restaurant. On December 9, 1987, in Clarks Sum-

mit, Pennsylvania, Lightner was charged with misdemeanor open lewdness, misdemeanor indecent exposure, and misdemeanor harassment for exposing and manipulating his genitals to two different females. The two latter charges were withdrawn and Lightner was convicted of misdemeanor open lewdness. On February 12, 1988, Lightner exposed his genitals to a female while she was parking her car at her place of work and he was again convicted of misdemeanor open lewdness. On May 18, 1989, in Gibson, Pennsylvania, Lightner approached two women on the street, dropped his pants, and grasped his penis. He was convicted yet again for open lewdness. In 1991, at the age of twenty-nine, Lightner exposed his genitals to a twelve-year-old babysitter at a home in Ada County, Idaho, while pretending to be asleep. He was convicted of misdemeanor indecent exposure, sentenced to six months suspended jail time with two years probation, and ordered to attend the S.A.N.E. solutions sexual offender treatment program. Lightner was terminated from S.A.N.E. for having failed two different polygraphic examinations about his sexual activity while enrolled in the treatment program. In 1993, Lightner drove his van to Ada County's Borah High School, summoned four teenaged girls over to his vehicle, asked the girls what time it was, and exposed his genitals. Lightner was charged with misdemeanor probation violation, misdemeanor disorderly conduct, and misdemeanor obscene conduct. The first two charges were dismissed and Lightner was convicted of misdemeanor obscene conduct.

Lightner claims that he has put his past behind him and is no longer a danger to society. In his affidavit, Lightner contends that he is not a VSP because his latest crime was no more violent than any other sex crime and he "did not go out [of the house] looking for a way to sexually abuse [his victim]." The VSP provisions and related definitions within the Act, however, clearly contemplate an offender in Lightner's situation. *See* I.C. § 18–8303(10), (15).[3] Lightner presents no

---

3. "Predatory" is defined as "actions directed at an individual who was selected by the offender for the primary purpose of engaging in illegal sexual behavior." I.C. § 18–8303(10). "Violent sexual predator" is defined as "a person who has been convicted of an offense listed in section 18–8314, Idaho Code, and who has been determined to pose a high risk of committing an offense or

evidence that would prove his VSP designation to be inappropriate. The district court correctly determined that Lightner's self-serving affidavits and the affidavits of other sex offenders and his wife fall short of raising a genuine factual issue that would trigger the convening of a fact-finding hearing pursuant to I.C. § 18–8321(9).

There is substantial evidence supporting the district court's finding that Lightner poses a high risk of committing a sexual reoffense or engaging in predatory sexual conduct. As the court noted:

> ... the material presented to the classification board—both the non-privileged and the privileged—overwhelmingly demonstrates the universal and unanimous opinion of all of the corrections personnel, all of the parole commission staff workers, and all of the clinical psychological evaluators who have looked at Lightner's situation from before 1993 through 2003, that Lightner demonstrates a deep and continuing risk to himself and others. All involved in this case rate him as being a significant risk to re-offend.

Lightner apparently is convinced that he is incorrectly designated as a VSP because he did not commit the offense, for which he was most recently imprisoned, with the required intent to sexually gratify himself or anyone else. In a written statement, Lightner summarizes his point of view:

> Regarding my (3) sexual victims, [two of the victims] were touched during parental maintenance, while bathing them.
>
> As for [the third victim], I did show her a pornographic video and had her hold my penis. This was done in an act of rage, because of prior statements made to the neighbors and to me on the night I showed her the video and had her touch me. This was done out of bad judgment and extreme anger and loss of control towards her, and not for sexual gratification.
>
> She had been making statements as to the fact that I had been sexually abusing her. Those statements were a lie. The things I did were in an attempt to show

her the difference between parental maintenance and sexual abuse.

Lightner's justifications for sexually abusing his victims, along with his past record of multiple sexual offenses and unsuccessful treatment, contribute to the substantial evidence of a high risk of committing a sexual reoffense or engaging in predatory sexual conduct.

## IV.

## CONCLUSION

The district court did not err in designating Lightner as a violent sexual predator without convening a fact-finding hearing. The district court's findings are supported by substantial evidence. Accordingly, the district court's order affirming Lightner's designation as a violent sexual predator is affirmed.

Chief Judge PERRY and Judge LANSING concur.

---

engaging in predatory sexual conduct." I.C. § 18–8303(15). "Sexual conduct" is not defined

by the Act, and seemingly is not limited to the offenses listed in I.C. § 18–8304.