197 P.3d 797 (2008)
Evan Edward MORGAN, Jr., Petitioner-Appellant,
v.
SEXUAL OFFENDER CLASSIFICATION BOARD, Respondent.
No. 34851.
Court of Appeals of Idaho.
November 14, 2008.
*798 Alan E. Trimming, Ada County Public Defender; Richard D. Toothman, Deputy Public Defender, Boise, for appellant. Richard D. Toothman argued.
Hon. Lawrence G. Wasden, Attorney General; Mark A. Kubinski, Deputy Attorney General, Boise, for respondent. Mark A. Kubinski argued.
WALTERS, Judge Pro Tem.
This is an appeal from the district court's order affirming the designation of Evan Edward Morgan, Jr., as a violent sexual predator (VSP) by the Sexual Offender Classification Board (the board). For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE
In 1998, Morgan pled guilty to lewd and lascivious conduct with a minor and possession of sexually exploitative material. The lewd and lascivious conduct related to Morgan's inappropriate touching of a five-year-old neighbor girl. Morgan is, and was at the time he committed lewd and lascivious conduct, confined to a wheelchair and lacks feeling below his waist.
In conjunction with Morgan receiving a tentative parole date, the board designated him as a VSP. Morgan filed a notice of intent to appeal this designation, and the district court appointed him counsel. Morgan then filed a motion requesting the district court to release the documents that the board had relied upon in concluding Morgan was a VSP. The district court entered an order denying Morgan's request for the documents. The parties submitted briefs, and the district court held a hearing on Morgan's claims. After the hearing, the district court entered an order affirming the decision of the board. Morgan appeals.

II.

STANDARD OF REVIEW
An offender's challenge to being designated as a VSP initiates a "nonadversarial" proceeding which is civil and remedial in nature. *799 I.C. § 18-8321(1). Judicial review of the board's determination is governed by the Sexual Offender Registration Act (the Act). I.C. § 18-8321; cf. I.R.C.P. 84(e) (guiding judicial review where authorizing statute or law does not provide the procedure). The state bears the burden of presenting a prima facie case to justify the VSP designation. I.C. § 18-8321(10).
The offender is entitled to challenge the VSP designation only by introducing evidence that the designation resulted from a miscalculation or is not appropriate given the specific facts of the offender's case. I.C. § 18-8321(12)(a), (b); Lightner v. State, 142 Idaho 324, 326, 127 P.3d 227, 229 (Ct.App. 2005). The Act does not confine the district court's review to any record created before the board. Rather, the Act provides that the district court may take new evidence. I.C. § 18-8321(5), (9). See also I.R.C.P. 84(e)(1). The rules of evidence are inapplicable, and the court may rely on documentary evidence. I.C. § 18-8321(6), (7). The Act provides that judicial review may be conducted as a summary, in-camera review proceeding in which the court decides only whether to affirm or reverse the board's designation of the offender as a VSP. I.C. § 18-8321(4). However, if an offender's proof consists of reliable hearsay, affidavits or offers of live testimony that create a genuine issue of material fact as to whether the offender is a VSP, the district court should convene a fact-finding hearing to permit live testimony. I.C. § 18-8321(9). Where the offender's allegations are immaterial, conclusory or unsubstantiated, it is appropriate to forgo the fact-finding hearing, even if the state does not controvert the offender's allegations. Lightner, 142 Idaho at 326, 127 P.3d at 229. Cf. Roman v. State, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App.1994) (applying procedural equivalent of summary judgment to summary dismissal under Uniform Post-Conviction Procedure Act); Baruth v. Gardner, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986) (holding no entitlement to evidentiary hearing where applicant for post-conviction relief makes conclusory allegations).
After the decision whether to hold a fact-finding hearing, the district court must decide either to affirm or reverse the board's designation of the offender as a VSP. I.C. § 18-8321(4). The court must affirm the board's determination unless persuaded by a preponderance of the evidence that it does not conform to the law or the guidelines. I.C. § 18-8321(11). Thus, the court must reweigh the evidence pertaining to the state's prima facie case and the offender's challenge. Lightner, 142 Idaho at 326, 127 P.3d at 229.
Accordingly, we do not review the record independent of the district court's decision. Id. Nor will we disturb the lower court's factual findings unless they are clearly erroneous. Id. See also I.C.P. 52(a). The credibility of the witnesses, the weight to be given to the evidence, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. Lightner, 142 Idaho at 326, 127 P.3d at 229. Our review is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law. Id.

III.

ANALYSIS

A. Access to Documents
Morgan asserts that the district court erred in denying him access to the documents used by the board to designate him as a VSP. The board counters that the Act provides that an offender is only entitled to a summary of the information used in calculating VSP designationa summary that Morgan receivedand that, therefore, the district court did not err in denying his request.
Idaho Code Section 18-8321(12)(a) sets forth one of the two enumerated statutory grounds for an offender to challenge his or her designation as a VSP as follows:
The offender may introduce evidence that the calculation that led to the designation as a violent sexual predator was incorrectly performed either because of a factual error, because the offender disputes a prior offense, because the variable factors were improperly determined, or for similar reasons. *800 Based on the language of I.C. § 18-8321(12)(a), Morgan filed a motion requesting that the district court "release the documents containing the calculation that led to [him] being classified as a violent sexual predator."
Idaho Code Section 18-8321 referred to in the district court's denial of Morgan's request provides, in pertinent part:
(3) Upon notification of a date for a summary hearing, the prosecutor shall forthwith turn over all papers, documents and other relevant material to the court. A written summarization of information relied upon by the sexual offender classification board may be made available to the offender. However the following documents produced by the sexual offender classification board shall be withheld from disclosure and available only for in camera review by the court:
(a) Records that contain names and addresses, identifying information or any information that would lead to the identification of any victims or witnesses;
(b) Written statements or testimony of victims, witnesses, guardians or persons representing victims or witnesses;
(c) Reports prepared specifically for use by the commission for pardons and parole in making parole determinations pursuant to section 20-223, Idaho Code; and
(d) Other records to remain confidential consistent with rules of criminal or civil procedure.
This issue involves primarily a question of statutory interpretation; did the district court comply with the guidelines in the statute in determining what information to release to Morgan? As the statute indicates, an offender may be provided a written summarization, but the statute forbids releasing a number of materials to the offender.
Based on the statute allowing release of a summary but proscribing the release of other information, the district court determined that Morgan had no right to all of the materials the board relied upon in reaching its conclusion. Furthermore, the district court noted that Morgan had already received the summary and that he had presented no reason why its contents were insufficient. Similarly, on appeal Morgan has failed to argue why the summary he received was insufficient. The two-page summary Morgan received regarding his designation as a VSP was detailed, and Morgan has not challenged the accuracy of the information contained within that summary. We conclude the district court did not err in interpreting the language of the statute and releasing only the board's summary to Morgan.
Morgan also contends that, because I.C. § 18-8321(12)(a) allows an offender to challenge the "calculation" that led to his or her designation as a VSP, the district court erred in denying him access to the board's "calculation" and the materials upon which the board relied to make this calculation. Idaho Code Section 18-8314(5) mandates that the board create guidelines for determining whether an offender be classified as a VSP and that those guidelines include the following "general categories for risk assessment: seriousness of the offense, offense history, whether the offense was predatory, characteristics of the offender, characteristics of the victim, the relationship of the offender to the victim, the number of victims and the number of violations of each victim." See also Guidelines of the Idaho Sexual Offender Classification Board. Nowhere does the Act or the board's guidelines discuss a mathematical calculation.
We agree with the logic of the district court. Although the legislature used the term "calculation," we are not convinced that they meant a mathematical calculation per se.[1] The record does not indicate that such a mathematical calculation was performed in this case. Furthermore, although the Act permits an offender to challenge the calculation *801 of the board, that statute also prohibits an offender from access to certain materials the board relied upon. We find Morgan's reliance on the term calculation in challenging the district court's denial of full access to the materials relied upon by the board unavailing. Therefore, we conclude that the district court did not err in denying Morgan access to the complete file the board relied upon in designating him as a VSP.

B. Designation as a Violent Sexual Predator
Next, Morgan argues that the district court erred in affirming his designation as a VSP because he is confined to a wheelchair and has little or no physical control over anything below his waist. Morgan's brief on this issue consists of one sentence, exclusive of the heading and several citations to the record. Morgan's brief argues that "his physical disability puts him well within the ambit of Idaho Code § 18-8321(12)(b) and respectfully disagrees with the District Court's decision to the contrary."
Idaho Code Section 18-8321(12)(b) provides a second manner in which an offender may challenge his or her designation as a VSP, as follows:
The offender may introduce evidence at the hearing that the designation as a violent sexual predator does not properly encapsulate the specific case, i.e., the offender may maintain that the case falls outside the typical case of this kind and, therefore, that the offender should not be designated as a violent sexual predator.
Morgan asserts that, because of his physical condition, he should not be designated as a VSP. The state counters by arguing that Morgan fits the definition of a VSPsomeone convicted of a sex crime from an enumerated list and likely to reoffend. See I.C. § 18-8303(15).[2] The state further asserts that Morgan was in the same physical conditionin a wheelchair with no function below the waistwhen he committed the crime of lewd and lascivious conduct and that the district court's findings are supported by substantial evidence.
In reviewing Morgan's claim that his case falls outside of the typical case and he should not be designated as a VSP, the district court determined:
According to the statute, the classification of a violent sexual predator is defined by statute to be any person who is guilty of a crime as designated in section 18-8314. One of the designated crimes in -8314 is lewd and lascivious conduct with a minor.
....
Now, the question is whether the individual is likely to reoffend. There was a sexual evaluation. Although the details of the evaluation weren't provided, the summary was. The summary indicated that the individual had a history of sexual crimes. The prosecutor observed in the papers that there was a history of nine events in the individual's history. And the psychological evaluation was that there was a psychological predilection to offend. And that's sufficient to connect the links for a definition of violent sexual predator, someone who has been convicted of a crime, as defined by the statute, and who has demonstrated a predilection to reoffend.
....
I'm going to, for the purpose of my finding, accept completely the representations made that Mr. Morgan is wheelchair bound; that he is physically impaired; that he has no control over bladder or bowels; and that from a physical standpoint that that physically hasI'll keep this at least GP rateddisconnected sexual function.
Now, the question is whether that is sufficient in and of itself to satisfy the requirements of 12(b), that the physical condition now creates a case where it falls outside of the requirements of the statute, and I'm not persuaded that it would do so. I'm not persuaded that predatory conduct *802 with minor children requires sexual agility. I think in most circumstances, in factor physical agility. I think in most circumstances, in fact, it does not.
I think in most circumstances the sexual predator relies upon psychological grooming and psychological enticement to get where he or she wants the victim to be, and that does not require physical agility. It requires mental. And there's been no suggestion that Mr. Morgan's mental processes have been impaired or affected in this process.
I'm further not satisfied that simply disconnecting the sexual organs is sufficient to disconnect the mindset of one who has a predilection in this regard from becoming a danger in the future. The prosecutor observes that hands and fingers and other objects can be utilized. That the mindset is what we're worried about and what society needs protection from. And there's no showing in this case that Mr. Morgan's mind has been affected by this, or that he's not mentally competent or capable, or that his mental facilities have been rewired in any fashion.
Again, we find the reasoning of the district court persuasive. The crime Morgan pled guilty to, lewd and lascivious conduct with a minor, is one of the crimes for which an offender may be designated as a VSP. The second requirement is that the offender pose a high risk of reoffending or engaging in predatory conduct. The psychosexual evaluation classified Morgan as a sexual offender of the pedophilic type. It concluded that Morgan's prognosis was marked by several negative indicators, including minimization and rationalization of his crime. Furthermore, the information before the board indicated that Morgan was in the high-risk range to sexually reoffend and that he posed a considerable danger to potential victims. The information before the board also indicated that Morgan had been involved in several instances of inappropriate sexual contact with nine separate victims during the course of his life and had also been collecting and trading child pornography on-line for approximately a year before his arrest. We agree with the district court's conclusion that Morgan fits the definition of a VSP and its conclusion that Morgan's physical disability does not remove him from the ambit of the Act.

IV.

CONCLUSION
The district court properly relied on the Act in denying Morgan's request for the documents used by the board in its determination that he be classified as a VSP. Furthermore, the district court correctly concluded that the board had not erred in classifying Morgan as a VSP. Therefore, the district court's order affirming the board's classification of Morgan as a VSP is affirmed. No costs or attorney fees are awarded to either party on appeal.
Chief Judge GUTIERREZ and Judge LANSING concur.
NOTES
[1] We recognize that the term calculation is primarily used in conjunction with a mathematical determination. However, the dictionary also defines "calculation" as "a conclusion reached by reckoning or estimation sometimes accompanied by a verbal or written statement of the steps by which the conclusion has been reached" and "a deliberate prudent studied care in analyzing, planning, or contriving." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 315 (1993).
[2] "`Violent sexual predator' means a person who has been convicted of an offense listed in section 18-8314, Idaho Code, and who has been determined to pose a high risk of committing an offense or engaging in predatory sexual conduct." I.C. § 18-8303(15). "`Predatory' means actions directed at an individual who was selected by the offender for the primary purpose of engaging in illegal sexual behavior." I.C. § 18-8303(10).