# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35913

| | | |
|---|---|---|
| EVAN EDWARD MORGAN, JR. | ) | |
| | ) | Boise, September 2009 Term |
| Petitioner-Appellant, | ) | |
| | ) | 2009 Opinion No. 135 |
| v. | ) | |
| | ) | Filed: October 26, 2009 |
| SEXUAL OFFENDER CLASSIFICATION | ) | |
| BOARD, | ) | Stephen Kenyon, Clerk |
| | ) | |
| Respondent. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. D. Duff McKee, Senior District Judge.

The decision of the district court is <u>affirmed</u>.

Alan E. Trimming, Ada County Public Defender, Boise, for appellant. Richard Toothman argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Mark Kubinski argued.

_____

HORTON, Justice

This is a petition for review from the decision by the Idaho Court of Appeals affirming the district court's order upholding the designation by the Sexual Offender Classification Board (SOCB) of Evan Edward Morgan, Jr., as a violent sexual predator (VSP). We affirm the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are not in dispute. In 1998, Morgan entered an *Alford*[1] plea of guilty to lewd and lascivious conduct with a minor and pled guilty to possession of sexually exploitative material. The lewd and lascivious conduct charge resulted from Morgan touching the vagina of a five-year-old girl. Morgan has admitted to sexually abusing eight other victims. Morgan is presently confined to a wheelchair, as he was when he committed the offense against the five-year-old girl.

_____

[1]      *North Carolina v. Alford,* 400 U.S. 25 (1970).

When Morgan received a tentative parole date, at the request of the parole commission, the SOCB reviewed Morgan's case and designated him as a VSP. Morgan appealed his designation to the district court. Despite having access to a summary of the information that the SOCB relied upon in concluding that he is a VSP, Morgan filed a motion requesting that the district court release to him the individual documents that the SOCB relied upon in making its decision. The district court denied Morgan's request. Morgan appealed the district court's decision to the Idaho Court of Appeals, alleging that the district court erred in denying his request for documents and in affirming his designation as a VSP despite the fact that he is confined to a wheelchair. The court of appeals affirmed the district court's decision. *Morgan v. Sexual Offender Classification Bd.*, Docket No. 34851, 2008 Opinion No. 97 (Idaho App. Nov. 14, 2008) (depublished). This Court *sua sponte* granted review of the decision of the court of appeals.

## II. STANDARD OF REVIEW

Idaho's Sexual Offender Registration Notification and Community Right to Know Act (the SOR Act) is codified at I.C. §§ 18-8301, *et seq. Smith v. State*, 146 Idaho 822, 825, 203 P.3d 1221, 1224 (2009) (citing *Lightner v. State*, 142 Idaho 324, 325, 127 P.3d 227, 228 (Ct. App. 2005)). Judicial review of a VSP designation is governed by I.C. § 18-8321. *Lightner*, 142 Idaho at 326, 127 P.3d at 329; *cf.* I.R.C.P. 84(e) (governing judicial review where authorizing statute does not provide the procedure). An offender's challenge to being designated as a VSP instigates a civil proceeding that is remedial rather than adversarial. I.C. § 18-8321(1); *Lightner*, 142 Idaho at 326, 127 P.3d at 229. The state bears the burden of presenting a prima facie case that the VSP designation is justified. I.C. § 18-8321(10); *Lightner*, 142 Idaho at 326, 127 P.3d at 229. The offender is entitled to challenge the designation as a VSP on grounds that the calculation that led to the designation was incorrectly performed or that the designation does not properly encapsulate the offender's case. I.C. § 18-8321(12)(a), (b); *Smith*, 146 Idaho at 827, 203 P.3d at 1226.

The statute does not confine the district court's review to the record created before the SOCB, but rather provides that the court may take new evidence. I.C. § 18-8321(5), (9); *see also* I.R.C.P. 84(e)(1); *Lightner*, 142 Idaho at 326, 127 P.3d at 229. The rules of evidence are inapplicable, and the court may rely on documentary evidence. I.C. § 18-8321(6), (7); *Lightner*, 142 Idaho at 326, 127 P.3d at 229. Criminal activity that has not been the subject of a conviction

shall be considered in review of the designation provided that there is sufficient evidence that an offense occurred. I.C. § 18-8321(8). Judicial review shall be conducted as a summary, in camera proceeding in which the court decides only whether to affirm or reverse the board's designation. I.C. § 18-8321(4); *Lightner*, 142 Idaho at 326, 127 P.3d at 229. Where the proof creates a genuine issue of material fact as to whether the offender is a VSP, however, the court should convene a fact-finding hearing and permit live testimony. I.C. § 18-8321(9); *Lightner*, 142 Idaho at 326, 127 P.3d at 229. The court must affirm the designation unless persuaded by a preponderance of the evidence that it does not conform to the law or the guidelines. I.C. § 18-8321(11); *Lightner*, 142 Idaho at 326, 127 P.3d at 229.[2] Thus, the court must reweigh the evidence pertaining to the state's prima facie case and the offender's challenge. *Lightner*, 142 Idaho at 326, 127 P.3d at 229.

Because the district court is not confined to the record before the SOCB and must weigh the evidence, this Court defers to the district court's findings of fact if they are supported by substantial evidence while reviewing its legal conclusions de novo. *Idaho Power Co. v. Idaho State Tax Comm'n*, 141 Idaho 316, 321, 109 P.3d 170, 175 (2005). And while the Court reviews the district court's decision directly, it gives serious consideration to the court of appeals' decision. *Mattoon v. Blades*, 145 Idaho 634, 636, 181 P.3d 1242, 1244 (2008).

### III. ANALYSIS

**A. The district court did not err in denying Morgan's request for the release of the documents that the SOCB relied upon in concluding that he is a VSP.**

Morgan argues that although he was given a summary of the information relied upon by the SOCB in designating him a VSP, the district court should have also granted his request to release the documents that led to his classification. The SOCB counters that, pursuant to I.C. § 18-8321, the district court was correct to deny Morgan's request. We agree.

As noted above, I.C. § 18-8321 states that an offender may challenge his designation as a VSP based upon two grounds. The first basis for a challenge provides that

> [t]he offender may introduce evidence that the calculation that led to the designation as a violent sexual predator was incorrectly performed either because of a factual error, because the offender disputes a prior offense, because the variable factors were improperly determined, or for similar reasons . . . .

---

[2] In *Smith v. State*, 146 Idaho 822, 830 n.7, 203 P.3d 1221, 1229 n.7 (2009), we noted, albeit in *dicta*, that this section of the statute places the burden of proof on the individual whose liberty interests are at risk in violation of due process requirements. Morgan, however, makes no argument regarding this provision.

I.C. § 18-8321(12)(a). In order to mount such a challenge, I.C. § 18-8321 further provides that

> (3) [u]pon notification of a date for a summary hearing, the prosecutor shall forthwith turn over all papers, documents and other relevant material to the court. A written summarization of information relied upon by the sexual offender classification board may be made available to the offender. However the following documents produced by the sexual offender classification board shall be withheld from disclosure and available only for in camera review by the court:
>
> (a) Records that contain names and addresses, identifying information or any information that would lead to the identification of any victims or witnesses;
>
> (b) Written statements or testimony of victims, witnesses, guardians or persons representing victims or witnesses;
>
> (c) Reports prepared specifically for use by the commission for pardons and parole in making parole determinations pursuant to section 20-223, Idaho Code; and
>
> (d) Other records to remain confidential consistent with rules of criminal or civil procedure.

The district court's denial of Morgan's request for documents was entirely consistent with the statute. Morgan concedes that he had access to a summary of the information relied upon by the SOCB. Pursuant to I.C. § 18-8321(3), Morgan was entitled to nothing more.

Morgan alleges, however, that he had "no information whatsoever as to the calculation leading to [his] designation" and posits that therefore I.C. § 18-8321(12)(a) is a "spurious remedy," which "could hardly be the result intended by the legislature." Morgan's argument rests on the premise that "the calculation" referred to in I.C. § 18-8321(12)(a) is a wholly different analysis than the determination derived from the information to be summarized and provided to the offender under I.C. § 18-8321(3). As the district court noted, Morgan fails to point to any part of I.C. § 18-8321 that would indicate that the SOCB makes a separate "calculation" in addition to its general determination whether to designate an offender as a VSP. Therefore, Morgan's claim that he had "no information whatsoever" regarding the SOCB's designation is baseless.

More importantly, while Morgan had access to a summary of the information leading to the SOCB's designation, he has not disputed the accuracy of the summary or argued that it is in any way insufficient. As the district court pointed out, the summary makes clear that there is substantial evidence that Morgan is properly designated a VSP. According to statute, a VSP is someone who has been convicted of one of the crimes enumerated in I.C. § 18-8314, one of which is lewd and lascivious conduct with a minor (I.C. § 18-1508), and who poses a high risk of

committing an offense or engaging in predatory sexual conduct. I.C. § 18-8303(15). The summary reveals that Morgan entered an *Alford* plea of guilty to a charge of lewd and lascivious conduct for "sexual contact with a 5/6 year old girl." In these proceedings, Morgan has not disputed that this sexual contact occurred. The summary further provides, and Morgan has not disputed, that Morgan admitted to having eight victims in addition to the five year-old girl. Furthermore, the district court found "the psychological evaluation was that there was a psychological predilection to offend. And that's sufficient to connect the links for a definition of a violent sexual predator, someone who has been convicted of a crime, as defined by the statute, and who has demonstrated a predilection to reoffend." Again, Morgan has not urged, pursuant to I.C. § 18-8321(12)(a), that he does not have a predilection for reoffending or that the information contained in the SOCB's summary provides an inaccurate or insufficient basis for designating him a VSP. Accordingly, we conclude that the district court did not err in upholding the SOCB's designation in the face of Morgan's challenge under I.C. § 18-8321(12)(a).

It should be noted that this Court recently held in *Smith v. State* that the SOR Act is constitutionally infirm in part because it denies offenders access to the full record relied upon by the SOCB and instead allows access only to the summary of that information. 146 Idaho at 829, 203 P.3d at 1228. Unlike the offender in *Smith*, however, Morgan did not advance a constitutional claim before the district court. Indeed, before the district court, counsel for Morgan admitted that Morgan's primary claim for relief is that he should be exempt from the VSP designation "under subsection (b)" of I.C. § 18-8321(12) because he is confined to a wheelchair, rather than any argument regarding the record before the SOCB.

Morgan did not file a brief with this Court following our *sua sponte* grant of review from the decision of the court of appeals. The fact that Morgan submitted a letter to this Court stating that he "respectfully submits the following additional authority for the Court's consideration . . . Jason C. Smith v. State of Idaho, 146 Idaho 822, 203 P.3d 1221 (S.Ct. 2009)," does not cure Morgan's waiver of constitutional claims. The purpose behind requiring a party to list and brief issues in the opening appellate brief is to allow the other side to respond so that the Court may fully consider the issue. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Morgan's letter does not fulfill this purpose—there is no briefing on constitutional claims before the Court. Morgan did attempt to advance constitutional claims, based upon *Smith*, in his oral argument before this Court. However, an issue first raised in oral argument before this Court is

untimely and will not be considered. *Robbins v. County of Blaine*, 134 Idaho 113, 115 n.1, 996 P.2d 813, 815 n.1 (2000) (citing *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 198, 879 P.2d 1126, 1131 (1994)). Thus, despite our decision in *Smith*, because Morgan failed to preserve a claim that his constitutional rights were violated, this Court does not reach the constitutionality of the SOR Act with respect to his case.

**B. The district court did not err in affirming Morgan's designation as a VSP.**

Morgan also challenges his designation as a VSP on the basis that he cannot be a violent sexual predator in light of the fact that he is confined to a wheelchair. He makes this claim pursuant to I.C. § 18-8321(12)(b), which allows an offender to challenge a VSP designation because that designation "does not properly encapsulate the specific case, i.e., the offender may maintain that the case falls outside the typical case of this kind and, therefore, that the offender should not be designated" as a VSP. Morgan offers no more argument on this issue than to say that he "respectfully disagrees" with the district court's decision.

As discussed in Part III.A., *supra*, there is substantial evidence that Morgan is a VSP. Further, as the SOCB noted, Morgan was in a wheelchair at the time he committed the offense that led to his conviction for lewd and lascivious conduct. As the district court observed,

> . . . predatory conduct with minor children [does not require] sexual agility. I think in most circumstances, in fact—or physical agility. I think in most circumstances, in fact, it does not.
>
> I think in most circumstances the sexual predator relies upon psychological grooming and psychological enticement to get where he or she wants the victim to be, and that does not require physical agility. It requires mental. And there's been no suggestion that Mr. Morgan's mental processes have been impaired or affected in this process.
>
> I'm further not satisfied that simply disconnecting the sexual organs is sufficient to disconnect the mindset of one who has a predilection in this regard from becoming a danger in the future. The prosecutor observes that hands and fingers and other objects can be utilized. That the mindset is what we're worried about and what society needs protection from. And there's no showing in this case that Mr. Morgan's mind has been affected by this, or that he's not mentally competent or capable, or that his mental facilities have been rewired in any fashion.

Morgan does not dispute the district court's findings other than to say that he "disagrees." Because Morgan has not contested any of the substantial evidence that he is in fact a VSP or shown why his current confinement to a wheelchair renders him unlikely to reoffend despite his

past behavior while wheelchair-bound, we affirm the district court's decision to uphold the SOCB's designation of Morgan as a VSP.

## IV. CONCLUSION

The district court did not err in refusing to release the documents relied upon by the SOCB in designating Morgan a VSP. The court acted in accord with the SOR Act, and Morgan raises no claim regarding the Act's constitutionality. Further, there was substantial evidence upon which his designation is based, including the evidence that he committed lewd and lascivious conduct with a five-year-old girl while confined to a wheelchair. In light of the foregoing, we affirm the district court's decision upholding Morgan's designation as a VSP.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.